IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MANUEL ANTONIO GONZALES, PRO SE, | § | |
| TDCJ-CID # 1225053, | § | |
| Former Randall County S.O. #46472, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-0063 |
| | § | |
| JOEL RICHARDSON, Lt. DEBBIE UHNRU, | § | |
| CO MARCUS EVANS, CO NFN GRADY, | § | |
| and CO NFN GASS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MANUEL ANTONIO GONZALES, acting pro se and while a prisoner incarcerated in the Randall County Jail[1], filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and was granted permission to proceed in forma pauperis.

Plaintiff claims defendant EVANS struck him with handcuffs, causing a laceration above his left eye. He claims defendant UHNRU denied his grievance against EVANS; defendant RICHARDSON denied his request for help in resolving racial discrimination at the jail; defendant GRADY wrote in false cases or lied about him, resulting in his confinement in administrative segregation for forty days; and defendant GASS gave a list of everyone's charges to inmates who planned on hurting or extorting money from the other inmates.

Plaintiff requests "punitive damages for mental and physical pain suffered" and "to prove that Randall CO is prejudice [sic] against hispanics."

---

[1] Plaintiff has since been transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division and is presently housed at the Tulia Transfer Facility.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Civil Rights of Institutionalized Persons Act, Title 42, United States Code, section 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [Title 42, United States Code, section 1983,] or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

In his Complaint, plaintiff responds to section III of the complaint form asking whether the plaintiff has exhausted both steps of the grievance procedure by checking the box marked "yes."  On the last page of his hand-printed attachment to his original complaint,

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

plaintiff states that he has all the grievances he has filed against officer EVANS and the response from the letter he wrote defendant RICHARDSON. Nevertheless, plaintiff attached no grievances, although instructed to do so on the complaint form.

In response to the Court's July 12, 2004 Notice of Deficiency giving plaintiff thirty days to submit a copy of each grievance concerning the claims asserted in his complaint, plaintiff submitted five grievances and has not indicated there were more which he chose to withhold. All of the grievances submitted to the Court were written before the September 8, 2003 incident in which plaintiff alleges he was punched by defendant EVANS with a pair of handcuffs and none of them grieves that incident. Further, no grievance complains that of false cases or lies by defendant GRADY which resulted in plaintiff's confinement in administrative segregation or of defendant GASS giving some inmates copies of the charges brought against other inmates for purposes of extortion or physical attacks. Plaintiff also has not grieved defendant UHNRU's denial of a grievance concerning EVANS.

One grievance, submitted April 23, 2003, complains that the officers are lazy and mentions plaintiff's opinion that defendant EVANS "is prejudice [sic] and very racial towards all black and hispanic inmates by being rude and sarcastic every time he is asked a question, but then jokeing [sic] and being much kinder to white inmates." Plaintiff's grievance is not sufficient to constitute a grievance about EVANS' alleged racism; however, even if it were, the facts alleged by plaintiff do not state a claim of violation of the Fourteen Amendment guarantee of equal protection.

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

3

**CONCLUSION**

Plaintiff's claims are barred by plaintiff's failure to comply with the section 1997e exhaustion of administrative remedies requirement before filing the instant suit challenging prison conditions. Further, because it presently lacks an arguable basis in law, it is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this __16th__ day of August, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE